IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1502C |
| v. | ) | |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 of the United States Court of Federal Claims, plaintiff Universal Construction, Inc. ("Universal") and defendant, the United States, respectfully submit the following Joint Preliminary Status Report.

a. Plaintiff believes that all jurisdictional requirements have been met. Defendant is not aware of any jurisdictional issues at this time.

b. The parties are not aware of any cases that should be consolidated with this case. Defendant notes that the contracting officer will be assessing excess reprocurement costs with respect to the termination for default of Universal, however, defendant is not aware of whether issues or claims will be asserted with respect to this assessment.

c. The parties are not aware of any reasons at this time for bifurcation of trial into liability and damages phases.

d. The parties are not aware of any reason why proceedings should be deferred pending consideration of any other case.

e. The parties do not believe that remand or suspension will be sought.

f. The parties do not expect that any additional parties will be joined.

g. The parties anticipate that either or both may file a motion pursuant to RCFC 56 after discovery. The parties proposed discovery schedule allows for time for filing of RCFC 56 motions.

h. The relevant facts and legal issues are:

1. Relevant facts:

This dispute primarily concerns a road-building project. Universal, as the low bidder, was awarded a contract by the Western Federal Lands Highway Division of the United States Department of Transportation (the "DOT") and, in early September, 2001, was given notice to proceed on the project, which had a three-month completion period. In the months prior to June, 2002, DOT issued a notice to cure, Universal requested an extension of time to complete performance and additional compensation based upon differing site conditions, and the parties exchanged considerable correspondence and engaged in discussions. On June 20, 2002, the contracting officer terminated Universal for default.

Universal now seeks conversion of the termination for default to a termination for convenience and additional compensation based upon differing site conditions. Universal contends that the mandatory Government supplied borrow source, i.e., the source of soil or fill for use in the road-building project, contained material that was not adequate or suitable for the project and that could not reasonably be made adequate or suitable for the project. Universal also contends that the Government withheld progress payments improperly and delayed progress on the project by failing to cooperate with

Universal in scheduling the project. Defendant contends that the contract was properly terminated for default, that Universal did not timely complete the project due to Universal's own inefficiencies and/or lack of resources. Defendant contends that Universal's claims of differing site conditions, and reasons for not completing the project on time and seeking an extension of time for completion, were without factual basis.

2. Relevant legal issues:

The parties agree that the main legal issues in this action are:

Was Universal entitled to an extension of contract time and an equitable adjustment because of differing site conditions encountered with respect to the DOT's designated borrowed source?

Should defendant's termination for default be converted to a termination for convenience because of differing site conditions encountered with respect to the DOT's designated borrowed source?

Did the allegedly inadequate borrow source constitute either a type 1 or type 2 differing site condition?

Plaintiff also believes that additional legal issues in this action include:

Did the inadequate borrow material constitute a breach of the implied warranty that accompanied defendant's plans and specifications?

Did defendant breach the contract by withholding progress payments from Universal?

i. The parties intend to explore settlement. Plaintiff believes that some form of ADR would be appropriate; defendant does not believe that formal ADR is necessary.

Defendant believes that settlement negotiations will be most productive and meaningful after appropriate initial discovery is completed.

j. The parties anticipate proceeding to trial unless a settlement is reached or the case is disposed of by a RCFC 56 motion. The parties do not request an expedited trial scheduling.

k. There are no special issues regarding electronic case management needs of which the parties are aware at this time.

l. The parties are not aware of any additional information of which the Court should be aware at this time.

**PROPOSED DISCOVERY PLAN**

The parties anticipate that discovery will be required in this case. Accordingly, the parties propose the following discovery plan:

a. Document discovery shall be completed not later than March 15, 2004;

b. Depositions, except for those of expert witnesses, shall be completed not later than May 15, 2004;

c. Expert reports shall be disclosed on or before June 15, 2004;

d. Depositions of experts shall be completed not later than July 30, 2004; and

e. Dispositive motions, if any, shall be filed not later than August 31, 2004.

The parties believe that this discovery plan will allow sufficient time to conduct orderly discovery in this case, and to explore settlement negotiations and/or ADR, if appropriate.

Respectfully submitted,

s/John Spencer Stewart
JOHN SPENCER STEWART, ESQ.
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Tel: (503) 221-0699
Attorneys for Plaintiff

Of Counsel:
s/ Robert B. Coleman
ROBERT B. COLEMAN
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Tel: (503) 221-0699
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-305-3079

Of Counsel:
TIMOTHY J BINDER, ESQ
Division Counsel
Western Federal Lands
Highway Division

October 6, 2003