No. 03-1502C
Sr. Judge Smith

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

UNIVERSAL CONSTRUCTION, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# PLAINTIFF UNIVERSAL CONSTRUCTION, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

John Spencer Stewart
Thomas A. Larkin
Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706; (503) 419-0281

Dated: July 22, 2004

**TABLE OF CONTENTS**


I. INTRODUCTION . . . . . 1

II. STATEMENT OF QUESTIONS INVOLVED . . . . . 1

III. STATEMENT OF THE CASE . . . . . 1

IV. SPECIFIC ITEMS SUBJECT TO THE MOTION TO COMPEL . . . . . 2

V. ARGUMENT . . . . . 3

1. Production of Withheld Documents Must Be Compelled Because the Withheld Documents are Not Privileged . . . . . 3

2. Universal is Entitled to An Order Compelling Production of Withheld Documents Because the United States is Not Entitled to Assert and Did Not Properly Assert the Deliberative Process Privilege . . . . . 5

A. Production of Withheld Documents Must Be Compelled Because the United States is Not Entitled to Assert the Deliberative Process Privilege . . . . . 6

B. Production of Withheld Documents Must be Compelled Because the United States' Claim of Privilege Fails to Comply With the Applicable Rules of the Court of Federal Claims . . . . . 7

C. Production of Withheld Documents Must Be Compelled Because the United States Failed to Meet Its Burden . . . . . 8

D. The Deliberative Process Privilege is Inapplicable Even if the United States Will Properly Assert the Privilege in Response to This Motion . . . . . 10

VI. CONCLUSION . . . . . 11

# TABLE OF AUTHORITIES

**CASES:** **PAGE**

Abramson v. United States, 39 Fed. Cl. 290 (1997) . . . . . . . . . . . 9, 11

Burka v. New York City Transit Auth., 110 F.R.D. 660 (S.D. NY 1986) . . . . . . . . . . . 6

Cabot v. United States, 35 Fed. Cl. 442 (1996) . . . . . . . . . . . 7, 8, 9

CACI Field Services, Inc. v. United States, 12 Cl. Ct. 680 (1987) . . . . . . . . . . . 10

Chamber of Commerce of United States v. Legal Aid Soc'y of Alameda County, et al., 423 U.S. 1309; 96 S.Ct. 5 (1975) . . . . . . . . . . . 4

Envtl. Prot. Agency et al. v Mink et al., 410 U.S. 73, 83 S.Ct. 827 (1973) . . . . . . . . . . . 4, 11

Federal Deposit Insurance Corp. v. St. Paul Fire & Marine Ins. Co. 53 F.R.D. 260 (W.D. Ok.1971) . . . . . . . . . . . 6

Greenpeace v. Nat'l Marine Fisheries Serv. 198 F.R.D. 540 (D.C. Wash. 2000) . . . . . . . . . . . 6

Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1947) . . . . . . . . . . . 3

Jordan v. Department of Justice, 591 F.2d 753 (D.C. Cir. 1978) . . . . . . . . . . . 10

Pleasant Hill Bank v. United States, 58 F.R.D. 97 (W.D Mo. 1973) . . . . . . . . . . . 4, 5

Scott v. Board of Educ. of City of East Orange, 219 F.R.D. 333 (D.C. NJ. 2004) . . . . . . . . . . . 6, 10

Starlight Int'l, Inc. v. Herlihy, Jr. et al., 181 F.R.D. 494 (D.C. Kan. 1998) . . . . . . . . . . . 9

United States v. 58.16 Acres of Land, et. al., 66 F.R.D. 570 (E.D. Ill. 1975) . . . . . . . . . . . 9

United States v. Continental Can Co., 22 F.R.D. 241 (D.C. N.Y. 1958) . . . . . . . . . . . 6

United States v. Gates, 35 F.R.D. 524 (D.C. Colo. 1964) . . . . . . . . . . . 6

Vaughn v. Rosen, 523 F.2d 1136 (DC Cir. 1975) . . . . . . . . . . . 10

Verrazzano Trading Corp. v. United States
69 Cust. Ct. 307, 349 F.Supp. 1401 (Cust. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Walsky Constr. Co. v. United States, 20 Cl. Ct. 317 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

**STATUTES:**

**PAGE**

5 U.S.C. § 552(b)(1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5

RCFC 26(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6, 7, 8

RCFC 26(g) (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

RCFC 26, 33, 34 and 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCFC 34(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCFC 37(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## I. INTRODUCTION

Plaintiff Universal Construction, Inc. ("Universal") seeks an Order compelling Defendant the United States to fully produce - in an expedited fashion - all non-privileged documents responsive to Universal's First Request for Production in compliance with Rule 34(b) of the Rules of the United States Court of Federal Claims ("RCFC").

## II. STATEMENT OF QUESTIONS INVOLVED

Is Universal entitled to an order compelling the production of discoverable and non-privileged documents withheld by the United States?

## III. STATEMENT OF THE CASE

On or about January 20, 2004, Universal served its First Request for Admissions, First Set of Interrogatories and First Request for Production of Documents ("First Request for Production") on the United States, to be answered in compliance with RCFC 26, 33, 34 and 35. True and correct copies of the First Set of Interrogatories and First Request for Production of Documents are attached as Exhibit A to the Affidavit of Thomas Larkin ("Larkin Aff').

On or about March 3, 2004, the United States served its Responses and Answers to Plaintiff's First Request for Production. In its response, the United States agreed to produce all non-privileged documents for Universal's review. On or about April 7, 2004, the United States presented Universal with two unsigned memoranda objecting to production of certain documents responsive to Universal's First Request for Production. The April 7, 2004 memoranda are attached as Exhibits B and C (respectively) to the Larkin Aff. In the April 7, 2004 memoranda, the United States identified the documents which allegedly it was entitled to withhold on the basis of FOIA, 5 U.S.C. §§ 552(b)(4), (b)(5), (b)(6). On or about April 19, 2004, Universal

objected to the United States' memoranda on the ground that Freedom of Information Act exemptions are inapplicable to judicial discovery. Universal requested that the United States comply with the applicable Rules of the Court of Federal Claims and produce the withheld documents as soon as possible. Universal's letter is attached as Exhibit D to Larkin Aff. The United States failed to respond to Universal's letter.

On or about May 12, 2004, Universal sent a follow-up communication to the United States, requesting a prompt response regarding the production of withheld documents. The May 12, 2004 letter is attached as Exhibit E to the Larkin Aff. Between May 12, 2004 and June 22, 2004, Counsel for Universal and the United States communicated regarding the production of the withheld documents on a number of occasions in an attempt to resolve the discovery dispute. On or about June 22, 2004, Universal sent another follow-up communication to the United States, requesting that the United States notify Universal whether or not a motion to compel production of withheld documents was necessary. The June 22, 2004 letter is attached as Exhibit F to the Larkin Aff. On or about July 9, 2004, the United States orally notified Universal that it will not produce the withheld documents pursuant to the government (deliberative process) privilege.

## IV. SPECIFIC ITEMS SUBJECT TO THE MOTION TO COMPEL

Universal requests that the Court grant its Motion to Compel and issue an Order compelling production of the documents listed by the United States as withheld in the April 7, 2004 memoranda. Larkin Aff. Exh. B and C.

/ / /

/ / /

/ / /

## V. ARGUMENT

### 1. Production of Withheld Documents Must Be Compelled Because the Withheld Documents are Not Privileged.

The Court has broad discretion in managing pretrial discovery, including decisions regarding the scope of discovery. The scope of discoverable information is set forth in RCFC 26(b).

> **(1) In General**: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party * * * Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis added.) Under the rules, a party objecting to discovery on the ground of privilege has the burden of establishing the existence of privilege. The discovery rules "are to be accorded a broad and liberal treatment . . . limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S.Ct. 385, 392 (1947) (emphasis added). Universal's Motion to Compel Production of Documents must be granted because the United States failed to raise objections based on any privilege recognized under the applicable discovery rules.

As reflected in the April 7, 2004 memoranda (Larkin Aff. Exh. B and C), the United States refused to permit discovery of relevant discoverable information on the ground that the documents were exempt from disclosure under the Freedom of Information Act, 5 U.S.C. §552(b)(4)-(6) ("FOIA"). The United States' reliance on the FOIA exemption in the discovery context is misplaced. FOIA "seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to

secure such information from possibly unwilling official hands." Envtl. Prot. Agency et al. v Mink et al., 410 U.S. 73, 80, 83 S.Ct. 827 (1973). FOIA is a tool that can be used by the general public to access certain agency records, provided they are not exempt under 5 U.S.C. § 552(b). FOIA, however, neither expands nor contracts existing privileges, nor does it create new privileges for the purposes of civil discovery. Verrazzano Trading Corp. v. United States, 69 Cust. Ct. 307, 349 F.Supp. 1401 (Cust. 1972); see also Chamber of Commerce of United States v. Legal Aid Soc'y of Alameda County, et al., 423 U.S. 1309; 96 S.Ct. 5 (1975). In fact, FOIA exemptions do not create any evidentiary privilege of their own force. Pleasant Hill Bank v. United States, 58 F.R.D. 97 (W.D Mo. 1973) ("Pleasant Hill").

The distinction between disclosure exemptions under the FOIA and privileges under the discovery rules is analyzed and explained in Pleasant Hill Bank, 58 F.R.D. 97. In Pleasant Hill, the plaintiff moved to compel defendant to produce Department of Housing and Urban Development documents. Id. at 98. The defendant resisted the request on the ground that production of the documents would violate the disclosure exemptions of the Freedom of Information Act, 5 U.S.C. § 552(b)(1)-(9) (1970). In its opinion, the Court addressed the privacy and the deliberative process exemptions claimed by the government.

First, the Court concluded that defendant's assertions of confidentiality under 5 U.S.C. § 552(b)(4) was not sufficient to establish a privilege. In reaching this conclusion, the Court stated that "[w]hile confidentiality of information may be sufficient ground for non-disclosure under the Act, under the rule [of Civil Procedure] there is no general principle that makes information otherwise discoverable privileged because it was given in confidence." Id. at 100. Second, the Court concluded that "Congress did not intend by virtue of the Act to restrict civil

litigants to the same access enjoyed by the general public." Id. Therefore, a claim of exemption under FOIA is utterly meaningless without an independent showing of privilege under Rule 26(b)(1).

Here, the United States provided Universal with a list of documents that it claimed to be exempt from discovery under FOIA exemptions (b)(4)-(6). As explained, FOIA does not create a privilege within the meaning of Rule 26. The withheld documents are subject to discovery. A party seeking to withhold documents from production must establish the existence of privilege under the applicable discovery rules. The United States failed to establish the existence of privilege under the RCFC. Universal is entitled to an order compelling the production of all documents withheld by the United States under asserted FOIA exemptions 5 USC §552(b)(4)-(6).

**2. Universal is Entitled to An Order Compelling Production of Withheld Documents Because the United States is Not Entitled to Assert and Did Not Properly Assert the Deliberative Process Privilege.**

During negotiations to resolve this discovery dispute, the United States stated that it intended to object to Universal's First Request for Discovery on the ground of government (deliberative process) privilege. Notwithstanding new basis for the objection, Universal is entitled to an order compelling the production of the documents because (A) the United States is not entitled to assert the deliberative process privilege in this matter; (B) the United States' claim of privilege fails to comply with the requirements of RCFC 26(b)(5), (g)(2); (C) the United States failed to properly assert the deliberative process privilege; and (D) the "privilege" does not protect the withheld documents from discovery under RCFC 26.

**A. Production of Withheld Documents Must Be Compelled Because the United States Is Not Entitled to Assert the Deliberative Process Privilege.**

The United States is not entitled to assert the deliberative process/governmental privilege. Generally, any governmental privilege is removed when the government initiates the suit. Federal Deposit Insurance Corp. v. St. Paul Fire & Marine Ins. Co., 53 F.R.D. 260 (W.D. Ok. 1971); see also United States v. Gates, 35 F.R.D. 524, 529 (D.C. Colo. 1964); see also United States v. Continental Can Co., 22 F.R.D. 241, 245 (D.C. N.Y. 1958). In this case, the United States brought counterclaims against Universal. By virtue of its counterclaims, the United States is not entitled to assert the deliberative process privilege.

Additionally, "[w]here the decision-making process itself is the subject of the litigation, the deliberative privilege may not be raised as a bar against disclosure of critical information." Burka v. New York City Transit Auth., 110 F.R.D. 660, 667 (S.D. NY 1986); see also Scott v. Board of Educ. of City of East Orange, 219 F.R.D. 333, 337 (D.C. NJ. 2004); see also Greenpeace v. Nat'l Marine Fisheries Serv., 198 F.R.D. 540, 543-544 (D.C. Wash. 2000). The agency's decision-making process with respect to its wrongful termination of Universal, denial of claims for monetary and contract time relief, and denial of the differing site condition claims are specifically at issue in this litigation. The United States is not entitled to withhold documents that disclose critical information regarding its decision-making process.

/ / /

/ / /

/ / /

/ / /

**B. Production of Withheld Documents Must be Compelled Because the United States' Claim of Privilege Fails to Comply with the Applicable Rules of the Court of Federal Claims**.

A party asserting a claim of privilege must comply with discovery rules. The United States failed to comply with the requirements of the applicable rules. Therefore its "objections" must be stricken and the withheld documents produced.

To properly establish a claim of privilege, the party must comply with the following Rules of the Court of Federal Claims:

> **26(b)(5) Claims of Privilege or Protection of Trial Preparation Materials.**
> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable parties to assess the applicability of the privilege or protection.
>
> **(g) Signing of Disclosures, Discovery Requests, Responses, and Objections.**
> (2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by the attorney of record in the attorney's individual name, whose address shall be stated. * * * If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection * * *
>
> **(37)(a)(3) Evasive or Incomplete Disclosure, Answer or Response.**
> For purposes of this subdivision an evasive or incomplete disclosure, answer or response is to be treated as failure to disclose, answer or respond.

"The assertion of privileges are strictly construed because privileges impede full and free discovery of truth." Cabot v. United States, 35 Fed. Cl. 442, 444 (1996) ("Cabot"). "The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on

the nature of the document, and a failure to make a clear showing that a privilege applies is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made." Id. at 446 (internal citations omitted). Here, the United States failed to properly assert any privilege.

As referenced above, the United States presented Universal with two unsigned memoranda, naming specific documents as allegedly exempt from discovery under FOIA. As previously discussed, FOIA exemptions do not establish the existence of privilege under the RCFC. In response to the memoranda, Universal requested that the United States supplement its objections to comply with the RCFC and produce the withheld documents. See, Larkin Aff. Exh. D and E. To date, the United States failed to comply with the request.

The memoranda invoking the privilege fail to comply with the substantive requirements under the RCFC and fail to properly invoke a claim of privilege. First, the memoranda do not satisfy the requirements of RCFC 26(b)(5) because they fail to describe the nature of the documents. Second, the United States' "objection" to production of the documents is not signed by the attorney of record. The United States' objections to production of documents on the basis of FOIA exemptions must be stricken and the documents produced.

### C. Production of Withheld Documents Must be Compelled Because the United States Failed to Meet its Burden.

The United States orally asserted that it is entitled to withhold the requested documents on the basis of government (deliberative process) privilege. This oral assertion is inadequate to comply with the aforementioned requirements of the RCFC or to establish the existence of government/deliberative process privilege.

To properly assert an objection on basis of the deliberative process privilege, the Government must follow a three-step process.

> First, the head of the agency that has control over the requested document must assert the privilege after personal consideration. Second, the head of the agency must state with particularity what information is subject to the privilege. Third, the agency must supply the court with "precise and certain reasons" for maintaining confidentiality of the requested documents.

Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990) (internal citations omitted); see also Abramson v. United States, 39 Fed. Cl. 290, 294 (1997). Here, the United States failed to comply with the procedural steps to invoke the privilege. First, the objection was made by the attorney for the United States, not the head of the agency. Second, the objection fails to state with particularity what information is withheld subject to the privilege. Finally, the memoranda and the oral objection fail to supply the Court or Universal with precise and certain reasons for maintaining confidentiality of the requested documents. The United States' oral objection is insufficient to invoke the deliberative process privilege.

Failure to make a proper, specific and timely objection may constitute a waiver of objection. Cabot, 35 Fed. Cl. at 446-447; see also Starlight Int'l, Inc. v. Herlihy, Jr. et al., 181 F.R.D. 494, 497 (D.C. Kan. 1998); see also United States v. 58.16 Acres of Land, et. al., 66 F.R.D. 570 (E.D. Ill. 1975) (discussing proper objections and answers to interrogatories). The United States failed to assert proper and timely objections to Universal's First Request for Production. Upon request, the United States refused to supplement its objection in compliance with RCFC. Therefore, the United States' claim of privilege with respect to the documents

identified in the memoranda must be considered waived. Universal is entitled to an order compelling the production of the withheld documents.

**D. The Deliberative Process Privilege is Inapplicable Even if the United States Will Properly Assert the Privilege in Response to This Motion.**

The deliberative process privilege is inapplicable to the withheld documents, even if the United States properly asserted the privilege.

The United States must satisfy two fundamental legal requirements to establish the deliberative process privilege. First, the documents sought must "record pre-decisional agency conduct." Walsky Constr. Co., 20 Cl. Ct. at 320. The records or reports must address activities "antecedent to the adoption of an agency policy." Id. (citing Jordan v. Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978)). Second, the records must also contain decisional information, addressing "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (DC Cir. 1975); see also CACI Field Services, Inc. v. United States, 12 Cl. Ct. 680, 687 (1987) (information sought to be protected must reflect recommendations and advice on program policy). Here, there is no indication that the withheld documents address activities antecedent to the adoption of a policy. Additionally, there is no indication that the documents make recommendations or express opinions on legal or policy matters. The privilege does not apply to routine operating decisions. Scott, 219 F.R.D. at 337.

The withheld documents must be produced even if prepared in anticipation of an identifiable agency policy. The United States previously identified Todd Butikofer, Jane Traffalis, Daniel Christianson and Elizabeth Firestone as individuals who provided factual and

construction information, and advice. See, Defendant's Responses to Plaintiff's First Request for Production, p. 7, 12, 14. Factual information, severable from the deliberative context, is not subject to the privilege. Abramson, 39 Fed. Cl. at 295; see also Envtl Prot. Agency et al., 410 U.S. at 87-88. Therefore, any documents containing factual communication between these individuals must be produced.

## VI. CONCLUSION

For the foregoing reasons, Universal respectfully requests an order compelling the United States to produce - in an expedited fashion - all withheld documents.

Respectfully submitted,

**s/ Robert B. Coleman**
JOHN SPENCER STEWART
THOMAS A. LARKIN
ROBERT B. COLEMAN
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047

Tel: 503) 221-0699
Attorneys for Plaintiff

July 22, 2004.

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of July, 2004, a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR ORDER TO COMPEL PRODUCTION OF DOCUMENTS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/ Robert B. Coleman**