No. 03-1502C
Sr. Judge Smith

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

UNIVERSAL CONSTRUCTION, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# PLAINTIFF UNIVERSAL CONSTRUCTION, INC.'S APPENDIX IN SUPPORT OF MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS

---

John Spencer Stewart
Thomas A. Larkin
Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706; (503) 419-0281

Dated: July 21, 2004

# TABLE OF CONTENTS


| DOCUMENT | | PAGE |
|---|---|---|
| 1. | Affidavit of Thomas A. Larkin in Support of Plaintiff Universal Construction, Inc.'s Motion for Order Compelling Production of Documents | 1-3 |
| 2. | Plaintiff's First Request for Admissions, First Set of Interrogatories and First Request for Production of Documents, **Exhibit A** | 4-37 |
| 3. | Unsigned Memorandum dated April 7, 2004 from U.S. Department of Transportation Federal Highway Administration, **Exhibit B** | 38-40 |
| 4. | Unsigned Memorandum dated April 7, 2004 from U.S. Department of Transportation Federal Highway Administration, **Exhibit C** | 41-42 |
| 5. | Letter dated April 19, 2004 from Thomas A. Larkin to Mr. James M. Meister, **Exhibit D** | 43-44 |
| 6. | Letter dated May 12, 2004 from Thomas A. Larkin to Mr. James M. Meister, **Exhibit E** | 45 |
| 7. | Letter dated June 22, 2004 from Robert B. Coleman to Michael H. O'Connell, **Exhibit F** | 46-47 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-1502C |
| v. | ) | ( Sr. Judge Smith ) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF THOMAS A. LARKIN IN SUPPORT OF PLAINTIFF UNIVERSAL CONSTRUCTION, INC.'S MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS**

STATE OF OREGON )
) ss.
County of Multnomah )

I, Thomas A. Larkin, being first duly sworn, do depose and say:

1. I am one of the attorneys for plaintiff Universal Construction, Inc. ("Universal") and I make this Affidavit in Support of the Motion for Order Compelling Production of Documents. I have full knowledge of the facts surrounding this action, and make this Affidavit based upon my personal knowledge, on documents filed or prepared in this case by myself, and on my review of the court's file in this matter.

2. On or about January 20, 2004, Universal served its First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents on the United States, to be answered in compliance with Rules 26, 33, 34 and 35 of the Rules of the United States Court of Federal Claims ("RCFC"). Attached as Exhibit A is a true and correct copy of the First Request for Admissions, First Set of Interrogatories and First Request for Production of Documents.

/ / /

3. On or about April 7, 2004, the United States presented Universal with two unsigned memoranda which purportedly objected to production of certain documents responsive to Universal's First Request for Production. Attached as Exhibits B and C (respectively) are true and correct copies of the April 7, 2004 memoranda.

4. On or about April 19, 2004, Universal objected to the United States' memoranda on the ground that Freedom of Information Act exemptions are inapplicable to judicial discovery. Universal requested that the United States comply with the applicable rules of the Court of Federal Claims and produce the withheld documents as soon as possible. Attached as Exhibit D is a true and correct copy of the letter from Thomas A. Larkin to James M. Meister. The United States failed to respond to Universal's request.

5. On or about May 12, 2004, Universal sent a follow up communication to the United States requesting a prompt response regarding the production of the withheld documents. Attached as Exhibit E is a true and correct copy of the letter from Thomas A. Larkin to James M. Meister.

6. Between May 12, 2004 and June 22, 2004 counsel for Universal, including myself and attorneys in this office, and the United States communicated regarding the production of the withheld documents on a number of occasions in an attempt to resolve the discovery dispute. On or about June 22, 2004, Universal sent another follow up communication to the United States, requesting that the United States notify Universal whether or not a motion to compel production of withheld documents was necessary. Attached as Exhibit F is a true and correct copy of the June 22, 2004 letter prepared by Robert B. Coleman (one of the attorneys for Universal) to Michael N. O'Connell.

///

///

7. On or about July 9, 2004, the United States orally notified Universal, through one of its attorneys, that it will not produce the withheld documents pursuant to the Government (deliberative process) privilege.

Thomas A. Larkin

STATE OF OREGON )
) SS.
County of Multnomah )

SUBSCRIBED AND SWORN TO before me this 21st day of July, 2004.

OFFICIAL SEAL
MARILYN SCHLAUFMAN
NOTARY PUBLIC-OREGON
COMMISSION NO. 353213
MY COMMISSION EXPIRES JANUARY 3, 2006

Notary Public for Oregon
My Commission Expires Jan 3, 2006

July 21, 2004.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., Plaintiff, | ) | No.03-1502C (Senior Judge Smith) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: The United States, and its Attorney, James M. Meister

In accordance with RCFC 33, 34 and 36, you are required to answer and respond to the following requests for admission, interrogatories and requests for production, under oath, within 30 days of the date of this request. Documents and tangible things requested herein shall be produced on or before February 21, 2004 at 9:30 a.m. at the offices of Stewart Sokol & Gray, 2300 SW First Avenue, Suite 200, Portland, Oregon 97201, or at such other time and place as the parties may agree.

DOCKETED 2/23/04 (Monday)

**PRELIMINARY STATEMENT**

A. These discovery requests do not merely seek such information within the personal knowledge of the defendant. In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control.

B. In answering these discovery requests, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If a discovery request has subparts, answer each part separately and in full, and do not limit your answer to the Interrogatory as a whole. If these discovery requests cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

C. With respect to each discovery request, in addition to supplying the information asked for and identifying the specific documents referred to, identify and describe all documents to which you refer in preparing your answers.

D. These discovery requests are continuing and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules. If, after responding to these discovery requests, you acquire any information responsive thereto, you are requested to file and serve supplemental responses containing such information, as required by RCFC 26(e).

**DEFINITIONS AND INSTRUCTIONS**

1. Please produce each document requested. If you decline to produce any document requested on the basis of any privilege known in the law or immunity with respect to any document called for, or any part thereof, (1) identify each such document, communication, or other item by date, preparer/author/speaker, and addressee(s); (2) identify each person to whom a copy was furnished or to whom the information or advice was conveyed; (3) state the general subject matter of the document or communication; and (4) state the ground on which the claim of privilege or

immunity from disclosure is based. If you claim a privilege or immunity with regard to any information called for by a request or any part thereof, you should nevertheless produce the document to the extent it calls for information as to which you do not claim a privilege or immunity.

2. "Documents," as used herein means any writing and any other tangible thing, in any language, in the custody, possession or control of the answering party or known to the answering party–whether printed, recorded, reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or exempt from production for any reason–including, but not limited to, letters, reports, agreements, communications (including intragovernmental communications), correspondence, telegrams, memoranda, summaries of records of personal conversations, formal or informal notes, diaries, forecasts, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of conferences, expressions of statements of policy, lists of persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, letters, press releases, computer stored or generated information, computer memory (including that of any "transparent" information, information deleted from the computer or file but not from the system), hard drives, floppy discs, optical discs, CD-ROM discs, Bernoulli discs and their equivalents, magnetic tape, disaster recovery back-up, computer chips, networks, groupware

programs, electronic conferencing work sessions, electronic mail (e-mail), personal computers (home and office), laptop computers, notebook computers, dockable calendars, computing units, personal information calendars, personal digital assistants, electronic or other transcriptions or tapes of telephone or personal conversations or conferences, drafts of any document, revisions of drafts of any document, invoices, receipts and original or preliminary notes. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

3. Each document of the kind requested herein shall be produced in a manner that preserves its sequential relationship with other documents being produced and shall include the file folder and folder tabs associated with its file location, and if not apparent on the folder or tabs, shall be accompanied by identification of the person or department from whose files it was taken and such additional source information as is necessary to enable the parties to determine the document's original (pre-production) location.

4. "You," "your," or "the answering party," as used herein means the party or parties to whom these requests are addressed and all associated or affiliated persons, companies or entities and their agents, assigns, partners, associates and attorneys.

5. The terms "related to," "regarding," or "relating to" shall mean concerning,

referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing or constituting.

6. The term "concerning" means directly, indirectly, or in any way relating to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, or constituting.

7. The singular includes the plural, and the plural the singular.

8. Words in the masculine gender include the feminine and neuter.

9. Each document of the kind requested herein shall be produced in a manner which preserves its sequential relationship with other documents being produced and shall include the file folder, folder tabs and other organizational or identification aids associated with its file location. The specificity of any request or portion thereof shall not be construed as reducing the scope of any more generalized request or portion thereof.

10. "Project" refers to all aspects, including without limitation, the planning, estimating, bidding, quotation, marketing, negotiation and/or performance, relating to the Federal Highway Administration Project known as the Camas NWR Complex ID

RRP-CAMA 101 (1).

11. "Universal Contract" means the actual or any implied-in-fact, implied-in-law or ratified agreement(s) or quotation(s) between Universal and FHWA related to the Project, including without limitation Contract No. DTFH70-01-C-00034.

12. "Desert Sage Contract" means the actual or any implied-in-fact, implied-in-law or ratified agreement(s) or quotation(s) between Desert Sage and FHWA related to the Project, including without limitation Contract No. DTFH70-02-C-00025.

13. If defendant contends that any document is privileged in whole or in part, or otherwise objects to any part of the request, or believes that any identified document would be excludable from production in discovery regardless of its relevance, it shall identify the documents it claims are privileged and state the reasons for each objection or grounds for exclusion, including the following information:

(a) The number of the paragraph in each request for production which requests such document;

(b) Form of document (i.e., letter, report, memorandum, etc.);

(c) Date of document;

(d) Author of document;

(e) Addressee of document;

(f) Recipients of copies of said document;

(g) Subject of document;

(h) Ordinary place of storage and custody of the document;

(i) The person who now acts as custodian of the document;

(j) The person(s) who made the decision not to produce such document; and

(k) Reason for failure to produce such document.

14. Identify any document requested that has been discarded or destroyed by you or at your suggestion or direction at any time (specifically including, but not limited to, those discarded or destroyed after filing of this lawsuit) and provide the following information for each such document:

(a)- (h) Item 13, subparts (a) - (h) of these Definitions and General Instructions are hereby incorporated by reference; and

(i) Whether any person may possess a copy of the document, and the name and last known address of such person.

15. Identify every document requested that is no longer in your possession, custody or control, or that has been transferred by you or at your direction at any time (specifically including, but not limited to, those transferred after the filing of this lawsuit); to any other person and provide the following information for each such document:

(a)- (h) Item 13, subparts (a) - (h) of these Definitions and General Instructions are hereby incorporated by reference;

(i) The person who now acts as custodian of the document;

(j) The person(s) who made the decision not to produce such

document; and

(k) Reason for failure to produce such document.

16. "Desert Sage" means Desert Sage Contractors, Inc.

17. "Universal" means Universal Construction, Inc.

18. "FHWA" means the U.S. Department of Transportation, Federal Highway Administration.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendant granted Desert Sage additional time to complete its work on the Project.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant paid Desert Sage more than its initial bid amount to complete the Project.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that Defendant denied Universal's request for additional time to complete its work on the Project.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that Defendant denied Universal's request for additional compensation in connection with performing its work on the Project.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that Defendant did not provide the Soil Survey of Jefferson County, Idaho by United States Department of Agriculture Soil Conservation Service (referenced on page 7 of the Contracting Officer's June 20, 2002 letter denying Universal's claim) to Universal prior to either Universal submitting a bid for the Project or prior to entering into the Universal Contract.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that on November 20, 2001, FHWA accepted the schedule that was produced by Universal on September 5, 2001 and statused through October 9, 2001, as the approved baseline schedule for the Project.

**RESPONSE:**

**INTERROGATORIES**

**INTERROGATORY NO. 1:** With respect to the Government's decision to terminate the Universal Contract for default on the Project, including without limitation the Final Contracting Officer's Decision dated June 20, 2002, please identify the following:

(1) The name, address and telephone number of each individual who was consulted in connection with, or who participated in the decision to terminate;

(2) With respect to each individual identified in (1) above, please describe in detail the role each individual played in connection with the decision to terminate Universal for default; and

(3) Each and every document considered, reviewed or which formed a basis for the decision to terminate Universal for default.

**RESPONSE:**

**INTERROGATORY NO. 2:** With respect to the Project, please identify all individuals and documents related to:

(1) The planning;

(2) The development;

(3) The design and/or engineering;

(4) The bidding;

(5) The construction/performance;

(6) The termination of Universal;

(7) The reprocurement; and

(8) Any change or changes made to subsequent or prior FHWA contracts as a result of problems encountered on the project.

**RESPONSE:**

**INTERROGATORY NO. 3:** To the extent that Defendant denies any of the Requests for Admissions, specify each and every fact, and identify every document in support of such denial.

**RESPONSE:**

**INTERROGATORY NO. 4:** With respect to the Final Contracting Officer's Decision dated October 8, 2003 concerning the Project, please identify the following:

(1) The name, address and telephone number of each individual who was consulted in connection with, or who participated in the Final Contracting Officer's Decision;

(2) With respect to each individual identified in (1) above, please describe in detail the role each individual played in connection with the Final Contracting Officer's Decision;

(3) Each and every document considered, reviewed or which formed a basis for the Final Contracting Officer's Decision; and

(4) The factual basis for any actual damages allegedly sustained.

**RESPONSE:**

**INTERROGATORY NO. 5:** With respect to the Government's decision to deny Universal's claim on the Project, including without limitation the Final Contracting Officer's Decision dated June 20, 2002, please identify the following:

(1) The name, address and telephone number of each individual who was consulted in connection with, or who participated in the decision to deny Universal's claim;

(2) With respect to each individual identified in (1) above, please describe in detail the role each individual played in connection with the decision to deny Universal's claim; and

(3) Each and every document considered, reviewed or which formed a basis for the decision to deny Universal's claim.

**RESPONSE:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and title of the person(s) signing the certification which accompanies the responses to these Interrogatories.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify each person Defendant will call or might call to testify should this matter proceed to trial, and for each person identified, specify the factual matters upon which he or she will or might offer testimony.

**RESPONSE:**

**INTERROGATORY NO. 8:** State the following information for each person that Defendant expects to call or may call as an expert witness in the trial of this action:

(a) Name;

(b) Business address and business telephone number;

(c) Describe in detail the expert's educational background, including all schools of higher education attended and when, all degrees earned and when, and all honorary or other awards conferred and when;

(d) Describe in detail the expert's experience in the subject area about which the expert is expected to testify;

(e) State the subject matter about which the expert is expected to testify;

(f) State the substance of the facts and opinions about which the expert is expected to testify;

(g) Provide a summary of the grounds for each of the expert's opinions;

(h) Identify all documents the expert has reviewed in connection with his/her work as an expert witness;

(i) Identify all documents that have been prepared by the expert, under the expert's supervision, and/or pursuant to the expert's direction in connection with his work as an expert witness;

(j) Identify all documents the expert will rely upon in giving testimony at deposition and/or at trial; and

///

///

///

(k) Identify all court and/or administrative agency cases in which the expert has given testimony and state whether the testimony was given on behalf of a governmental entity, a plaintiff or defendant.

**RESPONSE:**

**INTERROGATORY NO. 9**: Describe in detail all differences between Solicitation No. DTFH 70-1-B-0017 and Solicitation No. DTFH70-02-R-00016, including without limitation all differences in design, specifications, schedules, durations, quantities, borrow sources, and quality control.

**RESPONSE**:

**INTERROGATORY NO. 10:** Describe in detail all differences between the Universal Contract and the Desert Sage Contract, including without limitation all differences in design, specifications, schedules, durations, quantities, borrow sources, and quality control.

**RESPONSE:**

**INTERROGATORY NO. 11:** Page 7 of the Contracting Officer's June 20, 2002 letter denying Universal's claim contains the following statement: "The existing refuge access road was built from similar material; some obtained from the same borrow areas listed for this project." With respect to the referenced statement, identify all persons with knowledge of the statement and identify all documents related to the statement.

**RESPONSE:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all documents arising out of or relating to the Project, the Universal Contract, and/or the Desert Sage Contract, including without limitation all documents relating to bidding, estimating, quotations, submissions, testing, performance and/or marketing thereof.

2. Produce any organizational chart or charts of FHWA related to the Project.

3. Produce all documents arising out of or relating to budgets, reviews, assessments, estimates, evaluations or projections of, or to the actual, projected or reasonable cost of, the Project, the Universal Contract and/or the Desert Sage Contract, or any part thereof, whether prepared before, during or after the Project.

4. Produce all documents arising out of or relating to any investigation, evaluation, study or inquiry arising out of or relating to the Project, Universal and/or Desert Sage and any person or entity (including without limitation subcontractors and suppliers) employed by any of them during the period commencing January, 2001 to date.

5. Produce all documents arising out of or relating to communications between Universal and FHWA or any other agency or entity relating to the Project, the Universal Contract and/or the Desert Sage Contract, including without limitation elected officials of such entities, if any, appointed officials of such entities, if any, and of all their respective employees and agents.

6. Produce all documents arising out of or relating to communications between Desert Sage and FHWA or any other agency or entity relating to the Project, the

Universal Contract and/or the Desert Sage Contract, including without limitation elected officials of such entities, if any, appointed officials of such entities, if any, and of all their respective employees and agents.

7. Produce all costs or expense records maintained, prepared or used by Defendant relating to the Project, the Universal Contract and/or the Desert Sage Contract.

8. Produce all budgets or cost estimates prepared or used that arise out of or relate to the Project, the Universal Contract and/or the Desert Sage Contract.

9. Produce all documents relating to quantities and/or qualities of material, supplies or equipment used, moved, ordered, stored, placed or excavated in connection with the Project, the Universal Contract and/or the Desert Sage Contract.

10. Produce all photographs, video tapes and other visual documents relating to the Project, the Universal Contract and/or the Desert Sage Contract.

11. Produce all audio or other records or communications relating to the Project, the Universal Contract and/or the Desert Sage Contract, including without limitation computer message displays, electronic mail, and tapes of meetings or telephone conversations.

12. Produce all documents arising out of or relating to interviews, meetings, conversations, correspondence, or investigations arising out of or relating to the Project, the Universal Contract and/or the Desert Sage Contract, or to any design professional in connection with the Project, or to any of their consultants, subcontractors or suppliers at any tier, or to any of their respective present and former directors, officers, employees and agents.

13. Produce all business and personal diaries, reports, notes, calendar entries or correspondence arising out of or relating to the Project, the Universal Contract and/or the Desert Sage Contract.

14. Produce all time sheets, time cards, and any periodic (e.g., weekly, monthly, etc.) summaries or reports of time relating to the Project.

15. Produce all documents reflecting or relating to the condition of the Project site and/or Project borrow sources and to any and all design, engineering, bidding or quotation presumptions and/or representations underlying the Project, including without limitation any site observation or inspection, studies or evaluations of the Project site, or Project requirements, or of any similar sites.

16. Produce all documents reflecting or relating to notes, drawings, calculations and other records concerning the design, engineering, specifications and/or geotechnical evaluations relating to the Project, the Universal Contract and/or the Desert Sage Contract.

17. Produce all documents that reflect or relate or disclose any inspection or observation of the Project, Project site and/or Project borrow sources.

18. Produce all documents relating to projects or jobs in which Desert Sage bid, quoted and/or contracted for with FHWA from January, 2001 through October, 2002.

19. Produce the first communication to and/or from Desert Sage related to the Project.

20. Produce all documents relating to Subsections 105.02 ("Local Material Sources"), 204.03, 704.06 ("Unclassified Borrow"), 153.03 ("Quality Control

Plan"), 155.02 ("General"), and/or 204.11 ("Compaction"), of the Standard Specifications, FP-96 concerning the Project.

21. Produce all documents relating to any claims made and/or prepared by Desert Sage relating to the Project and/or Desert Sage Contract.

22. Produce all documents relating to any claims made and/or prepared by Universal relating to the Project and/or Universal Contract.

23. Produce all requests for information, requests for changes or additional compensation, change orders or changes to the specifications of the Project and/or Contract.

24. Produce any and all documents referred to or referenced in your answers to the Requests for Admissions and/or Interrogatories above.

25. Produce Desert Sage's detailed Project and/or Desert Sage Contract estimates, its bidding documents, and quotation documents, marketing documents and backup information for the same.

26. Produce all documents related to the Project re-procurement to Desert Sage.

27. Produce all documents related to the Project borrow source, including without limitation any documents from other projects related to the Project borrow source.

28. Produce all documents provided to Desert Sage prior to entering into Contract No. DTFH70-02-C-00025.

29. Produce all documents related to FHWA's statement, in its June 20, 2002 correspondence to Universal that "[t]he subsurface conditions do not differ materially from those indicated in the contract."

30. Produce all documents related to FHWA's two June 20, 2002 Final Contracting Officer's Decisions, and its October 8, 2003 Final Contracting Officer's Decision.

31. Produce all documents related to all Contract Modifications to the Desert Sage Contract.

32. Produce all documents related to any notices to cure, warranty demands, or deficiencies concerning the Desert Sage Contract.

33. Produce all documents reflecting the purchasing or contracting authority, and all documents, including but not limited to resumes, describing the position(s) held and responsibilities or duties of the following individuals from January, 2001 through January, 2003:

(a) William L. Parsons;

(b) Todd Butikofer;

(c) Jane Traffalis;

(d) Daniel Christianson; and

(e) Alan P. Kilian.

34. Produce all documents related to the Engineer's Estimate(s) concerning the Project.

35. Produce all documents related to Solicitation No. DTFH70-02-R-00016.

///

///

///

///

///

36. Page 7 of the Contracting Officer's June 20, 2002 letter denying Universal's claim contains the following statement: "The existing refuge access road was built from similar material; some obtained from the same borrow areas listed for this project." Produce all documents related to the referenced statement.

37. Produce all documents that relate to the condition of the soils at the Project borrow sources.

DATED: January 20, 2004.

John Spencer Stewart
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 227-5028

Of Counsel:

Thomas A. Larkin
Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223-5706

W:\WORK\TAL\ICW\Universal\Universal.Discovery.USCrt Fed Claims.wpd

STATE OF ____________ )
)ss
COUNTY OF ___________ )

________________________, being first duly sworn, deposes and says:

That he/she is the ____________________ of __________________, herein; that he/she has read the foregoing Defendant's Response to Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production of Documents, knows the contents thereof and believes them to be true and correct to the best of his/her knowledge.

Dated: ________________________

________________________________

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

(SEAL)

________________________________
Notary Public for the State of ____________
Residing at __________________________
My commission expires: _______________

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on:

James M. Meister
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

by the following indicated method or methods:

_✓_ by **mailing** the original thereof in a sealed, first-class postage-paid envelope, and addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

____ by causing a full, true and correct copy thereof to be **hand-delivered** to the attorney at the attorney's last-known office address listed above on the date set forth below.

_✓_ by sending a full, true and correct copy thereof via **overnight courier** in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, on the date set forth below.

____ by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

Dated this 20 day of January, 2004.

John Spencer Stewart
STEWART SOKOL & GRAY, LLC
Attorneys for Plaintiff

U.S. Department of Transportation
Federal Highway Administration

# Memorandum

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WA 98661-3801

---

Subject: Universal Construction, Inc. v. United States
Production of Documents

Date: April 7, 2004

The following documents were withheld under 5 U.S.C. 552(b)(4):

Folder containing unsuccessful bidders (confidential financial information)
Letter from Desert Sage (Tax ID # and Bank information)
Jane's Camas NWR 101(2) Book Contractor Quotes (confidential information)
Contract File 101(2) Desert Sage Taxpayer Identification Number (confidential information)
Contract File 101(2) Desert Sage TIN (confidential information)
Contract File 101(2) Desert Sage Bank Information (confidential information)
Contract File 101(2) Desert Sage Bank Information (confidential information)
Contract File 101(2) Desert Sage Bank Information (confidential information)
Contract Modification 101(2) Contractor Quotes (confidential information)
Correspondence File 101(2) Contractor Quotes (confidential information)
Modifications 101(2) Contractor Quotes (confidential information)

The following documents were withheld under 5 U.S.C. 552(b)(5):

Contract file 101(1) Pre-negotiation Memo dated October 31, 2001 (predecisional)
Contract file 101(1) Pre-negotiation Memo dated November 7, 2001 (predecisional)
Correspondence 101(1) #3 E-mail message from Jane Traffalis dated January 17,2002 (predecisional)
Correspondence 101(1) #4 Litigation Report dated December 10, 2003 (Attorney-Client/ Attorney Work Product)
Project Folder 101(1) Pre-negotiation Memo dated November 7, 2001 (predecisional)
Contract file 101(1) Pre-negotiation Memo dated October 31, 2001 (predecisional)
Elizabeth Firestone's file Elizabeth's Notes (predecisional)
Elizabeth Firestone's file Proposed Answer to Complaint dated December 10, 2001 (deliberative process)
Elizabeth Firestone's file Litigation Report dated December 10, 2003 (Attorney-Client/ Attorney Work Product)
Elizabeth Firestone's file Camas Reprocurement Notes (predecisional)
Elizabeth Firestone's file Camas Reprocurement spreadsheet (deliberative process)
Elizabeth Firestone's file E-mail message from Jane dated June 12, 2002 (predecisional)
Elizabeth Firestone's file Elizabeth's Notes (deliberative process)
Elizabeth Firestone's book Chuck Dissen Notes (deliberative process)

Elizabeth Firestone's book Spreadsheet for COD (predecisional)
Elizabeth Firestone's book Spreadsheet for COD (predecisional)
Elizabeth Firestone's book Elizabeth's Notes (predecisional)
Elizabeth Firestone's book Pre-negotiation Memo dated November 7, 2001 (predecisional)
Elizabeth Firestone's book Todd Butikofer's Notes (predecisional)
Elizabeth Firestone's book Chuck Dissen Analysis (predecisional)
Elizabeth Firestone's book E-mail message from Todd Butikofer dated 11/15/01 (predecisional)
Elizabeth Firestone's book E-mail message from Bill Parsons dated 02/25/02 (predecisional)
Elizabeth Firestone's book E-mail message from Todd Butikofer dated 11/9/01 (predecisional)
Camas NWR Book E-mail message from Bill dated 01/22/02 (predecisional)
Camas NWR Book Chuck Dissen Analysis (predecisional)
Camas NWR Book Al Kilian Notes dated 6-17-02 (predecisional)
Camas NWR Book Pre-negotiation Memo dated November 7, 2001 (predecisional)
Camas NWR Book Pre-negotiation Memo dated October 31, 2001
Camas NWR Book E-mail from Todd Butikofer dated September 19, 2001 (predecisional)
Camas NWR Book Jane Traffalis Notes (deliberative process)
Jane's Camas NWR 101(2) Book Negotiation Memo dated September 28, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo dated July 5, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo #3 dated July 11, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo #4 dated July 26, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Spreadsheet for Negotiations (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo #3 dated July 11, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo dated July 5, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Negotiation Memo dated July 5, 2002 (predecisional)
Jane's Camas NWR 101(2) Book Spreadsheet for negotiations (predecisional)
Jane's Camas NWR 101(2) Book E-mail message from Jane Traffalis dated 6/19/02 (predecisional)
Jane's Camas NWR 101(2) Book Jane Traffalis Notes (predecisional)
Design Book D-1 Quality Review Comments (predecisional)
Design Book D-1 Memo from Craig Sanders (predecisional)
Attorney File Litigation Report dated December 10, 2003 (Attorney-Client/ Attorney Work Product)
Attorney File Spreadsheets and Notes (Attorney Work Product)
Attorney File E-Mail Message from Bill (predecisional)
Contract File 101(2) E-Mail from Jane dated 7/26/02 (predecisional)
Contract File 101(2) Negotiation Memo #3 dated July 11, 2002 (predecisional)
Contract File 101(2) Negotiation Memo #4 dated July 26, 2002 (predecisional)
Contract File 101(2) E-mail message from Julee dated 6/20/02 (predecisional)
Contract File 101(2) Julee McTaggart Notes dated 7/9/02 (predecisional)
Contract Modification 101(2) Price Negotiation Memo dated October 17, 2002 (predecisional)
Contract Modification 101(2) Price Negotiation Memo dated September 28, 2002 (predecisional)
Correspondence File 101(2) Negotiation Memo #4 dated July 26, 2002 (predecisional)
Correspondence File 101(2) Negotiation Memo #3 dated July 11, 2002 (predecisional)
Correspondence File 101(2) Negotiation Memo dated July 5, 2002 (predecisional)
Correspondence File 101(2) Negotiation Memo dated July 5, 2002 (predecisional)
Permits, Submittals, Other Info 26-A-1 Negotiation Memo #4 dated July 26, 2002 (predecisional)

Permits, Submittals, Other Info 26-A-1 Negotiation Memo #3 dated July 11, 2002 (predecisional)
Permits, Submittals, Other Info 26-A-1 Negotiation Memo dated July 5, 2002 (predecisional)
Permits, Submittals, Other Info 26-A-1 Negotiation Memo dated July 5, 2002 (predecisional)
Modifications 101(2) Price Negotiation Memo dated October 17, 2002 (predecisional)
Modifications 101(2) Price Negotiation Memo dated September 28, 2002 (predecisional)
PE Hold File 24-D-4 (predecisional)

- PS&E Review Comment Sheet
- Preliminary Engineer's Estimate
- Memo to Craig Sanders from Gerry Deutscher Subj: Road Widening
- E-mail dated 12/13/00, subj: Road Design Width
- E-mail dated 12/11/00, subj: Road Design Width
- E-mail dated 12/11/00, subj: Grass Seeding
- Fax from Sanders to Deutscher dated 12/18/00
- Fax from Sanders to Deutscher, no date, change ini alignment
- Fax from Deutscher to Sanders dated 12/7/00, parking area alignment
- Fax from Sanders to Deutscher, no date, alignment
- Fax from Deutscher to Sanders dated 1/29/01, proposed on-refuge borrow sites
- Memo from Sanders to Deutscher datd 2/14/01, subj: needed info
- E-mail dated 3/9/01 from Deutscher to Sanders re: 404 application
- Fax from Sanders to Deutscher, no date, design standards pages 1-5
- E-mail from Neitzke to Sanders dated 11/6/00, subj: CAMA 101(1)

The following documents were withheld under 5 U.S.C. 552(b)(6):

Payrolls 26-A-4 (personal privacy)
Certified Payroll Report from Desert Sage – 6 pages
Permits, Submittals, Other Info 26-A-1 Qualification Certificates (personal privacy)
Correspondence 101(2) Qualification Certificates (personal privacy)



BUCKLE UP AMERICA

U.S. Department of Transportation
Federal Highway Administration

# Memorandum

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WA 98661-3801

Subject: Universal Construction, Inc. v. United States
Production of Documents

Date: April 7, 2004

Emails provided by Elizabeth Firestone withheld under 5 U.S.C. 552(b)(5):

1. Todd to Jane 11/09/01
2. Todd to Elizabeth 11/13/01
3. Elizabeth to Bill 12/21/01
4. Elizabeth to Jane 05/07/02
5. Elizabeth to Chuck 06/06/02
6. Elizabeth to Chuck 06/07/02
7. Bill to Elizabeth 10/02/02
8. Elizabeth to Tim 10/30/02
9. Jane to Elizabeth 12/12/02
10. Tim to John 07/12/03
11. Elizabeth to Tim 07/17/03
12. Bill to Tim 08/28/03
13. Tim to Bill 08/29/03
14. Tim to James 11/14/03
15. Tim to James 11/19/03
16. Tim to James 11/24/03
17. Tim to Rayann 11/24/03
18. James to Tim 11/24/03
19. Tim to Elizabeth 11/24/03
20. Tim to Elizabeth 11/24/03
21. Tim to James 12/05/03
22. Tim to James 12/10/03
23. James to Tim 12/11/03
24. Elizabeth to Dave 01/15/04
25. Elizabeth to Tim 01/28/04

Emails provided by Tim Binder withheld under 5 U.S.C. 552(b)(5):

1. James to Tim 02/22/04
2. James to Tim 02/22/04
3. Rayann to Tim 02/20/04
4. Rayann to Tim 02/17/04
5. Elizabeth to Tim 01/28/04
6. James to Tim 11/19/04

7. Tim to James 11/19/04
8. James to Tim 11/18/04
9. Bill to Tim 08/28/04
10. Rayann to Tim 08/07/04

Emails provided by Rayann Speakman withheld under 5 U.S.C. 552(b)(5):

1. Tim to James 11/19/03
2. Tim to James 11/24/03
3. Tim to Rayann 11/24/03
4. Elizabeth to Rayann 11/24/03
5. Tim to Rayann 12/05/03
6. Tim to James 12/05/03
7. James to Tim 01/04/04
8. James to Rayann 01/12/04
9. James to Rayann 01/16/04
10. Elizabeth to Tim 01/28/04
11. James to Rayann 01/29/04
12. James to Rayann 02/13/04
13. Tim to James 02/23/04

# STEWART SOKOL & GRAY LLC

ATTORNEYS AT LAW

John Spencer Stewart*†◇▫
Jan D. Sokol*†▫
Arnold L. Gray †
Susan Z. Whitney*‡
H. Lee Cook*◇
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◇

2300 SW FIRST AVENUE
SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wandt
Robert B. Coleman
Lawrence A. Wagner
C. Drew Hoster
Michael J. Mayerle
Nadya V. Martin

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◇ Alaska Bar
▫ Idaho Bar
‡ Nevada Bar

April 19, 2004

Mr. James M. Meister
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

Re: Insurance Company of the West/Universal Construction, Inc./
Standerfer, Richard Lee and Joanne C.
Our File No. 7628-34948

**Universal Construction, Inc. v. The United States - United States Claim Court Case No. 03-1502C (Smith)**

Dear Mr. Meister:

This communication is regarding two memoranda, dated April 7, 2004 (copies of which are enclosed), submitted by your office in response to the Plaintiff's First Request for Production of Documents of January 20, 2004. In your memorandum, you object to a number of requests for production on the ground that the information is exempt under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552(b)(4), 552(b)(5). These objections are inappropriate, because ICW requested the information under Rules of Civil Procedure, not FOIA. The FOIA exemptions are inapplicable to judicial discovery.

FOIA is an administrative act enacted to further the public right to obtain information from administrative agencies and agencies in the executive branch of government. Section 552(b) contains enumerated exemptions to the type of information available under the FOIA. While section 552(b) of the Information Act provides specified exemptions from the Act's public information requirement, "it does not in and of itself create a judicial discovery privilege with respect to such exemptions." See, Verrazzano Trading Corp. v. U.S., 69 Cust. Ct. 307, 308, 349 F. Supp. 1401, 1403 (1972); see also, Friedman v. Bache Halsey Stuart Shields, 738 F.2d 1336, 1344, 238 U.S. App. DC. 190

Mr. James Meister
April 19, 2004
Page 2

(1984). Instead, these exemptions insulate information from publication and are aimed at preventing the broadcasting of sensitive information to the general populace. Id. at 1344. The exemptions are not intended to enjoin limited disclosure encountered in judicial proceedings. While the information in the documents might be exempt from disclosure to the general public under FOIA, it is not privileged within the meaning of rule 26(b)(1). Judicial discovery is limited only by the exemptions applicable to discovery under Rule 26. See, RCFC 26. The scope of information available to a litigant under Rule 26 is much broader than what is allowed under FOIA. Thus, "[t]he FOIA acts as a "floor" when discovery of government documents is sought in the course of civil litigation. Though information available under FOIA is likely to be available through discovery, information unavailable under the FOIA is not necessarily unavailable through discovery." Id. at 1344 (citations omitted).

The inapplicability of FOIA exemptions, specifically § 552(b)(5), to the judicial discovery proceedings is illustrated in the court's opinion in Verrazzano. Verrazzano Trading Corp., 69 Cust. Ct. 307. There, the court concluded that the very language of §552(b)(5) denies any applicability of the exemption to the judicial discovery proceedings:

> This section does not apply to matters that are –
>
> * * *
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

On its face, the exemption does not apply to inter- or intra-agency memorandums or letters which would be available to a party during litigation. Verrazzano, 69 Cust. Ct. at 309. Clearly, one cannot use an administrative exemption which specifically does not cover judicial discovery as a basis for claiming a judicial discovery privilege.

As such, your responses to the First Request for Production are inadequate on the ground that the objections are made under FIOA, which is clearly inapplicable to judicial discovery. Please supplement your responses to comply with the Rules of the Court of Federal Claims, by producing the withheld documents as soon as possible.

Very truly yours,

STEWART SOKOL & GRAY LLC

Thomas A. Larkin

TAL/NVM:ms
Enclosure
W:\WORK\NVM\ICW\Universal Construction, Inc\Correspondence\Meister04-19-04.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

John Spencer Stewart*†◊¤
Jan D. Sokol*†¤
Arnold L. Gray†
Susan Z. Whitney*‡
H. Lee Cook*◊
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◊

2300 SW FIRST AVENUE
SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wandt
Robert B. Coleman
Lawrence A. Wagner
C. Drew Hoster
Michael J. Mayerle
Nadya V. Martin

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◊ Alaska Bar
¤ Idaho Bar
‡ Nevada Bar

May 12, 2004

Mr. James M. Meister
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

Re: Insurance Company of the West/Universal Construction, Inc./
Standerfer, Richard Lee and Joanne C.
Our File No. 7628-34948

**Universal Construction, Inc. v. The United States -**
**United States Claim Court Case No. 03-1502C (Smith)**

Dear Mr. Meister:

This communication is a follow-up to a letter sent by this office on April 19, 2004. In the letter we objected to the bases for withholding documents contained in the two memoranda submitted by your office in response to Plaintiff's First Request for Production of Documents. We also requested that you supplement the responses to comply with the Rules of the United States Court of Federal Claims and produce the withheld documents as soon as possible. To date, we have received no response as to whether you intend to produce the requested documents. Please contact me as soon as possible so that we can discuss this matter.

Very truly yours,

STEWART SOKOL & GRAY LLC

Thomas A. Larkin

TAL/NVM:ms
cc: Ms. Melisa Aros
John Spencer Stewart
W:\WORK\NVM\ICW\Universal Construction, Inc\Correspondence\Meister.051204.wpd

STEWART SOKOL & GRAY LLC
ATTORNEYS AT LAW

John Spencer Stewart*†◊▫
Jan D. Sokol*†▫
Arnold L. Gray †
Susan Z. Whitney*‡
H. Lee Cook*◊
Jeffrey B. Wilkinson*†
Thomas A. Larkin*◊▫

2300 SW FIRST AVENUE
SUITE 200
PORTLAND, OREGON 97201-5047
(503) 221-0699
FAX (503) 223-5706
www.lawssg.com

Angela M. Otto*
Matthew A. Wandt
Robert B. Coleman
Lawrence A. Wagner
Michael J. Mayerle
Nadya V. Martin

All Members of Oregon Bar
*Washington Bar
† District of Columbia Bar
◊ Alaska Bar
▫ Idaho Bar
‡ Nevada Bar

June 22, 2004

Michael N. O'Connell
Commercial Litigation Branch
Civil Division - Department of Justice
1100 L Street, NW, 12th Floor
Washington, DC 20530

**Attn: Classification Unit, 8th Floor**

Re: Insurance Company of the West/Universal Construction, Inc./
Richard Lee and Joanne C. Standerfer
Bond No. : 1845668-00
Claim No. : 110-02-20006 (phx)
Our File No. : 7628-34948

*Universal Construction, Inc. v. The United States*
United States Court of Federal Claims Case No. 03-2370C (Smith)

Dear Mr. O'Connell

When we last discussed this case, you agreed to get back to me regarding Universal's proposed motion to compel production of documents withheld on the basis of FOIA. When Mr. Binder was in the office earlier this week, he did not know the answer, but instead said I should contact you again. Please let me know soon whether or not Universal will have to move to compel production of these documents.

In addition, I note that the last day to take depositions on the current schedule is July 19, 2004. Although Universal has not yet determined who it wants to depose, it is in the process of making that determination. Assuming the witnesses Universal wants to depose are available, when are you available in July? Who might you like to depose on the same trip, if anyone?

I note that you mentioned mediation to me and, I understand, to John Stewart as a possibility. Universal would be happy to mediate the claim, and suggests David Koopmans as a mediator. I am sure Mr. Binder will know of him and have a favorable opinion of him. I have enclosed a fax from Mr. Koopman's offices with days he is available that we received in another matter, in case this option interests you.

Likely, mediation will require an enlargement of the discovery schedule. Please let me know your thoughts on that topic.

Finally, please note that I have copied the documents marked for production by Mr. Binder. Mr. Binder asked that I send them to him, and I will do so in the next couple of days.

Best regards.

Very truly yours,

STEWART SOKOL & GRAY LLC

Robert B. Coleman

RBC:tml
Enclosure
cc w/enclosure: Melisa Aros
F.J. Hahn
John Spencer Stewart
Thomas A. Larkin
W:\WORK\RBC\CW\Universal\Correspondence\O'Connell 001.wpd

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of July, 2004, a copy of the foregoing PLAINTIFF UNIVERSAL CONSTRUCTION, INC.'S APPENDIX IN SUPPORT OF MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert B. Coleman